UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROSEANGELA GRASSO,**

    **Plaintiff,**

v.                                     **Case No: 6:13-cv-1536-Orl-28GJK**

**ELIZABETH DUDEK,**

    **Defendant.**

## ORDER

This case is before the Court on Plaintiff's Motion on Liability for Attorneys' Fees and Litigation Expenses (Doc. No. 23) filed November 15, 2013. The United States Magistrate Judge has submitted a report recommending that the motion be denied.

After an independent *de novo* review of the record in this matter, and consideration of Plaintiff's Objections to the Report and Recommendation (Doc. No. 28), Plaintiff's Objections are **OVERRULED**. The Court agrees with the findings of fact and conclusions of law in the Report and Recommendation. The Court notes that cases such as Plaintiff's are important, and attorneys taking on such causes should be lauded and rewarded. Under applicable precedent, however, Plaintiff has not demonstrated that she was awarded relief on the merits or that her case resulted in a judicial imprimatur on a change in the legal relationship between the parties;[1] thus, Ms. Grasso has not demonstrated she is a "prevailing party" entitled to attorneys' fees. Therefore, it is **ORDERED** as follows:

---

[1] Defendant has acknowledged that after the filing of this lawsuit and while the Temporary Restraining Order was in effect, Plaintiff "aged out" of eligibility for services she had been receiving under the Early Periodic Screening, Diagnosis, and Treatment program. (Doc. No. 15 at 1-2). She was then enrolled in the Long Term Care program after being released from its waiting list. (See *id.* at 2, 6-8). It is unclear whether this

1. That the Report and Recommendation filed January 6, 2014 (Doc. No. 27) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Plaintiff's Motion on Liability for Attorneys' Fees and Litigation Expenses (Doc. No. 23) is **DENIED**.

3. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Orlando, Florida on February 1̱, 2014.

Copies furnished to:

Counsel of Record
Unrepresented Parties

JOHN ANTOON II
United States District Judge

---

change in programs, as opposed to the amount of nursing services provided, would constitute a sufficient change in the status quo to confer "prevailing party" status on Plaintiff and whether this theory would be akin to the prohibited "catalyst theory." In any event, Plaintiff did not make this argument in her Objection (Doc. 28), so the Court has not considered it.